# Robinson *v.* Gover, Appellant.

*Judgment—Opening judgment—Conflicting evidence—Discretion of lower court.*

On an application to open a judgment entered on a judgment note, the refusal of the two common pleas judges who heard the case to open the judgment, will not be reversed by the appellate court, where it appears that the testimony of the defendant was flatly contradicted by the plaintiff, and that the latter was corroborated by the testimony of the subscribing witness to the note.

Submitted Nov. 22, 1912. Appeal, No. 245, Oct. T., 1912, by defendants, from order of C. P. Chester Co., discharging rule to open judgment in case of W. J. Robinson v. Ella Gover and Charles H. Gover. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Rule to open judgment.
The opinion of the Superior Court states the case.

*Error assigned* was order discharging rule to open judgment.

*W. S. Harris,* for appellants.

*Robert S. Gawthrop,* for appellee.

OPINION BY HEAD, J., February 27, 1913:

The record presented in this appeal exhibits no satisfactory ground for the intervention of an appellate court. The plaintiff had undertaken to build an addition to the house of the defendants. The price agreed on was upwards of $600. When the work was completed, the plaintiff, with a disinterested party, went to the defendants' house for a settlement. He there received in cash $400, and a judgment note for the balance. It was payable one year after date. It was shortly afterwards entered of record. About the time it was due the defendants filed this petition to have it opened on the ground that the plaintiff had not completed his work in a satisfactory manner according to his contract. That the alleged defects in his work were complained of at the time the note was given, and that it was because of the promise then made by the plaintiff that he would repair these defects that the defendants signed and delivered the note. These allegations were flatly denied by the plaintiff and he was corroborated by the testimony of the subscribing witness who was present but had no interest in the controversy. The defendants had the benefit of having their testimony heard by both of the learned judges of the common pleas of their own county. It was all delivered viva voce in the presence and hearing of these judges. As to the real question involved in their claim, they had no testimony but their own. As already stated, this was so completely denied that it was impossible to reconcile the conflicting evidence. Upon consideration, the learned court below discharged the rule and declined to open the judgment.

Such a situation furnishes no warrant for the conclusion that the learned court below had been guilty of any abuse of discretion, and in such cases the appellate court cannot with propriety interfere.

The order discharging the rule is affirmed and this appeal dismissed with costs.